UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
CORTLANDT STREET RECOVERY CORP.;                                         :
WILMINGTON TRUST COMPANY, as trustee,                                    :
                                                                         :
                                    Plaintiffs,                          :
                                                                         :
                            -v-                                          :        12-CV-8686 (JPO)
                                                                         :
GIANCARLO ALIBERTI;                                                      :        OPINION AND ORDER
HELLAS TELECOMMUNICATIONS, S.À.R.L.;                                     :
HELLAS TELECOMMUNICATIONS CO-INVEST LTD.;                                :
HELLAS TELECOMMUNICATIONS EMPLOYEES LTD.;                                :
TCW HT CO-INVEST I L.P.;                                                 :
TCW HT CO-INVEST II L.P.,                                                :
                                                                         :
                                    Defendants.                          :
                                                                         :
------------------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

        Plaintiffs Cortlandt Street Recovery Corporation ("Cortlandt") and Wilmington Trust

Company ("WTC") bring suit alleging that various companies and private investors

("Defendants") collectively defrauded a group of people who held notes issued by those

companies ("Noteholders") through a scheme known as a "bleed out."  (Dkt. No. 29 ¶¶ 20, 51.)

Related to this scheme, Plaintiffs assert multiple state law claims under federal diversity

jurisdiction, 28 U.S.C. § 1332.[1]  (*Id.* ¶ 7.)

        On March 11, 2014, the Court dismissed this case pursuant to Federal Rule of Civil

Procedure 12(b)(1) because Plaintiffs had failed to plead complete diversity of citizenship. (Dkt.

No. 77.)  Plaintiffs now move for reconsideration of that decision.  Specifically, they request

---

[1] For a complete description of the factual background, underlying claims, and parties to the suit,
see the Court's previous Opinion and Order dismissing this action.  (Dkt. No. 77 at 1-5.)

leave to amend the First Amended Complaint ("Complaint") to drop three parties from the suit in an effort to plead complete diversity.[2]  (Dkt. No. 79-80.)  The result of their proposed amendments is an action brought by a sole plaintiff—trustee WTC—with Delaware citizenship, against the three Hellas Defendants, which are all foreign citizens.  (Dkt. No. 80 at 2.)  Defendants contend that the proposed amendment is futile.  Trustee WTC, they argue, is a "naked trustee" and therefore the Court must determine diversity based on the citizenship of WTC's beneficiaries, the Noteholders.  Like the Hellas defendants, the Noteholders are foreign citizens—hence, Defendants argue, there is no diversity.  (Dkt. Nos. 83, 85.)

For the reasons that follow, the Court holds that WTC is not a naked trustee but rather is a real party in interest.  Accordingly, Plaintiffs' motion for reconsideration and for leave to amend the Complaint is granted.

## I.    Legal Standard

### A.    Leave to Amend

"The Court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a), and absent some justification for refusal, *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Justifications for refusal include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice from the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Williams v. Citigroup, Inc.*, 659 F.3d 208, 213-14 (2d Cir. 2011) (quoting *Foman*,

---

[2] Plaintiffs requested leave to amend in their response to Defendants' motion to dismiss.  (Dkt. No. 69 at 22 n.20 ("If the Court concludes there are any defects or deficiencies in the Amended Complaint, Plaintiffs request the opportunity to amend.").)  The Court did not explicitly rule on this request, but in effect denied it when it dismissed the case.  The Court now reconsiders this denial.

371 U.S. at 182).  In this case, Defendants argue that amendment would be futile.  Amendment is futile where, as relevant here, the Court lacks subject matter jurisdiction over the case as pleaded in the proposed amendment.  *See, e.g.*, *Latino Quimica-Amtex S.A. v. Akzo Nobel Chemicals B.V.*, No. 03 Civ. 10312, 2005 WL 2207017, at *4 (S.D.N.Y. Sept. 8, 2005) ("Where a court would lack subject matter jurisdiction over the case as pleaded in the proposed amendment, the court may deny leave to amend on the ground of futility." (citation omitted)).

### B.    Diversity Jurisdiction

Federal courts may decide only those cases that fall within their subject matter jurisdiction.  *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 321-22 (2d Cir. 2001).  Plaintiffs seek to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(2), which empowers federal courts to decide civil actions if the amount in controversy exceeds $75,000 and the dispute is between citizens of the United States and citizens or subjects of a foreign state.  "It is well established that for a case to fit within [section 1332], there must be complete diversity" between plaintiffs and defendants.  *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (internal quotation marks omitted).  Diversity is not complete if any plaintiff is a citizen of the same state as any defendant, *id.*, or if a plaintiff and a defendant are both foreign citizens, *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 580-81 (2d Cir. 2002) (citation omitted).

In determining whether there is complete diversity, the court must determine the citizenship of the "real and substantial parties to the controversy."  *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 861 (2d Cir. 1995) (quoting *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460 (1980)).  Here, the status of trustee WTC is at issue.  "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary

3

powers to hold, manage, and dispose of assets for the benefit of others." *Navarro Savings*, 446 U.S. at 464.[3]  "Without such customary powers, the trustee is a 'naked trustee' with no interest in the underlying litigation." *Wells Fargo Bank, N.A. v. Ullah*, No. 13 Civ. 485, 2014 WL 470883, at *3 (Feb. 6, 2014) (citing *Navarro*, 446 U.S. at 465).  "If a trustee is truly a naked trustee, the trust's beneficiaries are the real parties to the controversy, and their citizenship will control for diversity purposes." *Id.*

## II.  Discussion

### A.  Diversity Jurisdiction

The question before the Court is whether trustee WTC is a "real party to the controversy" such that its citizenship controls for the purpose of diversity jurisdiction.  If it is, then there is complete diversity for purposes of federal jurisdiction.  The Court previously indicated, without deciding the question, that it had doubts as to whether WTC was a real party to the controversy.  (Dkt. No. 77 at 4 n.4.)  Plaintiffs' proposed Second Amended Complaint and the accompanying Indenture Agreement ("Indenture") quell those doubts.[4]  (Second Amended Complaint, Dkt. No. 81, Ex. A; Indenture, Dkt. No. 81, Ex. A.)  These documents establish that,

---

[3] Plaintiffs contend that the Court need not consider the *Navarro Savings* factors here, as the citizenship of an indenture trustee controls for diversity purposes, without any consideration of who is the "real party in interest."  (Dkt. No. 80 at 7-9.)  Defendants disagree.  The Court need not resolve this issue because, as explained *infra* Section II, even under the *Navarro* factors, WTC's citizenship controls.

[4] "It is [] well established that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint." *St. Paul Fire and Marine Insurance Co.*, 409 F.3d at 80 (citations omitted).  Here, the Court relies on the Indenture. Although the Indenture names the Bank of New York as trustee, WTC is a successor trustee and, as such, has all the rights, powers, and duties of the trustee under the Indenture.  (Indenture, Dkt. No. 81, Ex. A at § 7.08; Second Amended Complaint, Dkt. No. 81, Ex. A ¶¶ 10, 15.)

like the trustee in *Navarro Savings*, WTC possesses certain customary powers to "hold, manage, and dispose of assets for the benefit of others." *Navarro Savings*, 446 U.S. at 464.

As trustee, WTC holds the assets—in this case, the notes—for the benefit of the Noteholders (Indenture, Dkt. No. 81, Ex. A), and has the authority to manage the notes, by, among other things, authenticating them (*id.* § 2.02), accelerating them (*id.* § 6.02), and naming the method by which they are to be redeemed (*id.* § 3.02).  Further, WTC has the power to dispose of the notes on behalf of the beneficiaries:  in the event of default, WTC may use "any available remedy" to collect the payment of principal, premium, and interest on the notes in its own name for the benefit of the Noteholders.  This includes the power to sue on behalf of the Noteholders, a power that the Noteholders can obtain only after five requirements are met, including WTC's refusing to sue.  (*Id.* §§ 6.03, 6.06, 6.08, 11.04.)

These powers indicate that WTC is an "active trustee[] whose control over the assets held in [its] name is real and substantial." *Navarro Savings*, 446 U.S. at 465; *see Fleet Nat. Bank v. Trans. World Airlines, Inc.*, 767 F. Supp. 510, 515 (S.D.N.Y. 1991) (a trustee's powers to "accelerate the notes, pursue remedies at law and equity, and to recover in its own name as trustee of an express trust" indicate that it is a real party to the controversy and not a naked trustee); *Manufacturers & Traders Trust Company v. HSBC Bank USA, N.A.*, 564 F. Supp. 2d 261, 264 (S.D.N.Y. 2008), *disagreed with on other grounds*, *Nomura Asset Acceptance Corp. Alt. Loan Trust, Series 2007-1 ex rel. HSBC Bank USA, N.A v. Nomura Credit & Capital, Inc.*, No. 13 Civ 3138, 2014 WL 2861479 (S.D.N.Y. June 24, 2014) (fact that trustee "retained the power to sue on behalf of the Note Holders and permitted the Note Holders to sue on their own behalf only after five requirements were met, one of which included the refusal of the indenture trustee to sue" militates in favor of finding that the trustee was a real party in interest).

5

In contending that WTC is a naked trustee who acts as a mere conduit for a remedy flowing to others, Defendants point to the Noteholders' power, in some situations, to direct WTC to pursue certain remedies.  (Dkt. No. 83 at 5.)  In light of the powers granted WTC, however, this limited allowance to the Noteholders is not sufficient to reduce WTC to a mere conduit.  *See Manufacturers & Traders Trust Company*, 564 F. Supp. 2d at 264 ("Here, although the Note Holders retained certain powers over the trustees, including the possibility of directing the trustees, these powers do not reduce the indenture trustees to the status of 'mere conduit[s] for a remedy flowing to others.'" (quoting *Navarro*, 446 U.S. at 465) (alteration in original)).

For these reasons, trustee WTC is a real party to the controversy and therefore its citizenship controls for the purposes of diversity.  The Second Amended Complaint alleges, and the parties agree, that WTC is a citizen of Delaware and that Defendants are foreign citizens. (Second Amended Complaint, Dkt. No. 81, Ex. A ¶¶ 10, 19.)  Accordingly, if Plaintiffs are permitted to make the proposed amendments, they will properly invoke this Court's diversity jurisdiction.

### B.    The Sponsor Defendants' Remaining Futility Arguments

Defendants Hellas Telecommunications Co-Invest Ltd., Hellas Telecommunications Employees Ltd., TCW HT CO-INVEST I L.P., and TCW HT CO-INVEST II L.P. (the "Sponsor Defendants") list various other arguments as to why Plaintiffs' motion for reconsideration should be denied as futile.[5]  (Dkt. No. 85 at 3.)  For the substance of these arguments, they refer the Court to their motion to dismiss, filed almost two years ago.  (*Id.* citing Dkt. No. 47).)  Because

---

[5] These bases for dismissal are: (1) abstention pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976); (2) lack of personal jurisdiction; (3) forum non conveniens; and (4) dissolution of the Sponsor Defendants such that they cannot be sued under applicable foreign law.

these arguments are likely affected by the amendments to the Complaint, and because neither party has adequately briefed these issues since the amendments were proposed, the Court does not decide them now.  Rather, the parties shall submit a letter to the Court proposing a schedule for supplemental briefing on these issues.

**III.    Conclusion**

Plaintiffs' motion for reconsideration of the Court's dismissal of this action and for leave to amend the Complaint is GRANTED.  The Clerk of Court is directed to close the motion at Docket Number 79 and to reopen the case.

The remaining parties are hereby ORDERED to submit by December 15, 2014 a briefing schedule on the futility arguments listed by the Sponsor Defendants in their response to Plaintiffs' motion for reconsideration.


          SO ORDERED.

Dated:  December 9, 2014
         New York, New York

                                        _____
                                              J. PAUL OETKEN
                                         United States District Judge

7